UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINA S.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. 3:22-cv-05913-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 4. This matter has been fully briefed. *See* Dkts. 11, 20, 21.

After considering and reviewing the record, the Court concludes: (1) the Administrative Law Judge ("ALJ") harmfully erred by rejecting the opinions of Mr. Tash, Dr. Wu, and Dr. McAuliffe; and (2) a remand for further proceedings is appropriate. The Court accordingly

**REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

## I.     PROCEDURAL HISTORY

Plaintiff's application disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* Administrative Record ("AR") 118, 180. Plaintiff's requested hearing was held before the ALJ on May 26, 2016. AR 41-86. On November 23, 2016, the ALJ issued a written decision in which she concluded Plaintiff was not disabled pursuant to the Social Security Act. AR 16-40. Plaintiff filed a Complaint in this District seeking judicial review of the ALJ's written decision in March 2018. *See* AR 124. On January 17, 2019, Magistrate Judge J. Richard Creatura reversed and remanded the Commissioner's decision, holding that the ALJ improperly rejected the opinions of Plaintiff's treating physician, Dr. Joanne Wu, M.D., and occupational therapist, Trevor Tash. AR 1234-44.

The new hearing took place on November 22, 2019. AR 1176-1201. On January 24, 2020, the ALJ issued a second decision finding Plaintiff not disabled. AR 1149-75. On September 30, 2022, the Appeals Council denied Plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR 1143-48. Plaintiff filed a new Complaint in this Court seeking review of the Commissioner's decision on November 25, 2022. Dkt. 1. Defendant filed the sealed administrative record regarding this matter on February 7, 2023. Dkt. 8.

## II.     BACKGROUND

Plaintiff was born in 1980 and was 33 years old on the alleged onset date of November 28, 2013. AR 1167, 1301. Plaintiff seeks benefits through December 31, 2016, the date her

disability insurance expired. AR 1167. Plaintiff has a high school education. AR 1166. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of lumbosacral spondylosis without myelopathy, fibromyalgia syndrome, chronic fatigue syndrome, depression, and anxiety. AR 1155. However, the ALJ found Plaintiff was not disabled because she had the following residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 404.1567(a) except: She could lift/carry and push/pull 10 pounds occasionally, and lift/carry and push/pull less than 10 pounds frequently. She could sit for six hours in an eight-hour workday. She could stand/walk for two hours total in an eight-hour workday. She could occasionally climb ramps/stairs. She could never climb ladders and scaffolds. She could occasionally balance, stoop, kneel, and crouch. She could never crawl. She needed to avoid concentrated exposure to unprotected heights and moving mechanical parts. She could not operate a motor vehicle as part of her work duties. She needed to avoid concentrated exposure to extreme cold, heat, and vibration. She was limited to simple, routine, and repetitive tasks. She was limited to simple work-related decisions. She could have occasional interaction with public.

AR 1159.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated several medical opinions; (2) whether the ALJ properly evaluated Plaintiff's testimony; and (3) whether the matter should be remanded for an immediate award of benefits. Dkt. 11 at 1.

### A. Assessment of Medical Opinions

Plaintiff assigns error to the ALJ's evaluation from Trevor Tash, O.T., Joanne Wu, M.D., and K. McAuliffe, M.D.

The Ninth Circuit has held that deference is due to a treating or examining doctor's opinion and if the opinion is contradicted by another doctor's opinion, the "ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).[1] However, "even when contradicted, a treating or examining physician's opinion is still owed deference and will often be 'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'" *Id.* (quoting *Orn v. Astrue*, 495 F.3d 625, 633 (9th Cir. 2007)). To reject such an opinion, an ALJ must "set[ ] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

Pursuant to the relevant federal regulations, occupational therapists are considered other medical sources. *See* 20 C.F.R. § 404.1513(d); *Martin H. v. Saul*, No. 6:18-CV-1076-SI, 2020 WL 1486135, at *4 (D. Or. Mar. 27, 2020) (*citing* 20 C.F.R. § 404.1513(d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by these sources characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner,* 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

**1. The April 2014 Opinion of Trevor Tash, O.T.**

On February 9, 2012, Mr. Tash performed a physical capacities evaluation of Plaintiff. AR 387-96. Mr. Tash observed Plaintiff perform various physical activities, noting that Plaintiff

[1] Because Plaintiff applied for benefits prior to March 27, 2017, this Court will proceed under the rules in 20 C.F.R. §§ 404.1527 and 416.927.

demonstrated good effort during the examination via "signs of muscular straining and recruitment of accessory muscles." AR 395. Mr. Tash also recorded several statements from Plaintiff about the degree of her pain, including that "she continues to be independent with performing activities of daily living but has significant limitations in her abilities to perform prolonged sitting, standing and walking." *Id.* He observed that Plaintiff's behavior supported these reports, including rubbing the painful areas and changing positions, and that her pain behavior did not appear exaggerated or dramatic. *Id*. Based on the results of the exam, Mr. Tash concluded Plaintiff could lift and carry a maximum of 25 pounds on an occasional basis with no frequent lifting, pushing, or pulling of any weight, and projected that Plaintiff could sit for up to an hour, stand stationary up to 30 minutes, and move while standing for up to 45 minutes without rest. AR 388, 393-95.

Mr. Tash reevaluated Plaintiff on April 18, 2014, assessing reduced capabilities for sitting, standing, walking, lifting, and pulling. AR 920-25. Again, Mr. Tash observed that Plaintiff was cooperative and that her subjective complaints of pain were supported by behaviors such as "rubbing the painful areas, changing positions, taking frequent rest breaks and moving stiffly." AR 924. Pain was "the primary limiting factor" in Plaintiff's performance and Plaintiff's effort was "at times self-limited due to reported discomfort," but Mr. Tash again found that Plaintiff's pain behavior was not exaggerated and that she recruited accessory muscles during the exam. *Id.*

The ALJ gave little weight to Mr. Tash's 2014 opinion. First, the ALJ found Mr. Tash's opinion inconsistent with Plaintiff's activities, including that she cares for her quadriplegic daughter, shops in stores for hours at a time, rides a bicycle, and goes on walks daily. AR 1165. Plaintiff argues that the ALJ mischaracterized her reported activities, and that his reasoning "was

based on a flawed understanding of the record" and thus not germane. Dkt. 11 at 10. This Court agrees.

In both live testimony and the function report, Plaintiff gave very detailed descriptions of her activities, including various caveats and limitations for the Commissioner's consideration. *See* AR 269-273, 1183-1191. The ALJ ignored these facts, accounting only for the bottom-line list of activities and, in some respects, exaggerating their intensity beyond Plaintiff's self-reporting.

Plaintiff testified that she shops online and in stores, but noted that she uses handicap parking, needs to rest in her car or in the store itself, that she cannot buy large quantities of items alone, and that her partner puts the items away once she returns home. AR 272. This contrasts heavily with the ALJ's uncited assertion that Plaintiff shops "in stores for hours at a time." AR 1158. Plaintiff testified that she rides a bike, but that it is a side-by-side recumbent bike that was recommended to her as a physical therapy exercise, and that she uses the bike with a partner. AR 1188. She wrote in her function report that she could only ride her bike on flat ground for a limited time. AR 272. She testified both in 2016 and 2019 that she could not walk very far without taking breaks. AR 69, 1185. When considering these activities as Plaintiff performed them, they do not contradict Mr. Tash's assigned limitations. *See Alexander M. v. Commissioner of Social Security*, No. C21-254-BAT, 2021 WL 3758145, at *3 (W.D. Wash. Aug. 25, 2021) ("There is no indication in the record Plaintiff engaged in any of these activities at a frequency or degree contradicting Dr. Bartels' opinions.").

Second, the ALJ reasoned that "there are several inconsistencies between the claimant's presentation on examination and her presentation to the other claimants." AR 1165. As Plaintiff notes, the District Court previously rejected this reasoning. Dkt. 11 at 11; *see* Dkt. 1240-41. The

Commissioner concedes that this was not a germane reason to reject the opinion but argues the ALJ's other reasons are sufficient. Dkt. 20 at 10, n.2.

Lastly, the ALJ found that Mr. Tash "appears to base his opinions largely on the claimant's subjective complaints rather than objective medical evidence and medical imaging." AR 1165. An ALJ may reject a doctor's opinion if it is based more heavily on a patient's self-reports than on clinical observations. *Alves v. Colvin*, No. 2:15-CV-1624 DWC, 2016 WL 3027386, at *3 (W.D. Wash. May 26, 2016). That is not the case here. Mr. Tash evaluated Plaintiff for over two hours and observed her performance in a variety of exercises. AR 921. Although Plaintiff's performance was limited by her pain, Mr. Tash found that Plaintiff "was consistent in her presentation in the areas of [range of motion], strength, pain level, gait and positional tolerance" and that Plaintiff's pain behavior did not appear exaggerated. AR 924. This is reflected throughout Mr. Tash's report. *See, e.g.*, AR 923 ("Demonstrated 30 minutes with signs of frequently changing positions in her chair. Leaning within 15 minutes of standing . . . Demonstrated short, stiff gait . . . Slow and effortful for repeated getting into and up from the kneeling position. Often pushes from the floor when rising."). This, too, was not a germane reason to discount Mr. Tash's opinion, and the ALJ erred in doing so.

**2. The July 2014 Opinion of Joanne Wu, M.D., and November 2014 Opinion of K. McAuliffe, M.D.**

Dr. Wu, Plaintiff's treating physician, drafted a brief opinion on July 23, 2014, stating that Plaintiff was "unable to perform occupational duties" due to Chronic Fatigue Syndrome and Chronic Pain Syndrome/Fibromyalgia. AR 926. Dr. Wu referenced Mr. Tash's findings that "showed significant limitations" and found that she was only capable of part-time sedentary work. *Id.* The ALJ gave Dr. Wu's opinion little weight, finding that she based her own opinion

on Mr. Tash's report. AR 1164. However, as Plaintiff points out, Dr. Wu was herself familiar with Plaintiff's condition after several years of treatment. Dkt. 11 at 11. The mere fact that Dr. Wu reviewed and agreed with Mr. Tash's report is not a specific and legitimate reason to reject her own opinion. The other reasons provided by the ALJ are similarly illegitimate, including, as discussed above, that Dr. Wu's opinion conflicts with Plaintiff's daily activities. AR 1164.

Dr. McAuliffe performed a review of the medical record on November 3, 2014, and concluded that Plaintiff must avoid repetitive movements and prolonged positions, avoid workplace extremes in temperature, humidity, and stress, that she suffers from impaired endurance and easy fatigability, and that she should limit repetitive or heavy lifting, carrying, pushing, pulling, reaching, and repetitive or forceful grasping. AR 927-28. The ALJ gave Dr. McAuliffe's opinion little weight, providing the same invalid reasoning as discussed with respect to Dr. Wu and Mr. Tash. AR 1164. Thus, the ALJ erred in rejecting the opinions of Mr. Tash, Dr. Wu, and Dr. McAuliffe.

**B.     Plaintiff Testimony**

Plaintiff also argues that the ALJ erred by discrediting her testimony. Dkt. 11 at 2-9. Because "reconsideration of the medical opinion evidence may impact [the ALJ's] assessment" of Plaintiff's credibility, the ALJ is further directed to reconsider this evidence on remand. *Kelsy E. H. v. Comm'r of Soc. Sec.*, No. 3:19-CV-05358-DWC, 2019 WL 5388191, at *3 (W.D. Wash. Oct. 22, 2019).

**C.     Remedy**

Plaintiff argues this Court should remand for an award of benefits. Dkt. 11 at 13-16. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). If an

ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668. The proper course is generally to remand for further administrative proceedings "except in rare circumstances." *Treichler v. Comm'r of Soc. Sec. Admin*., 775 F.3d 1090, 1099 (9th Cir. 2014). Remanding for a direct award of benefits is appropriate where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1020). The third requirement is not satisfied here. The opinions of Mr. Tash and Drs. Wu and McAuliffe conflict with those of state agency examiner Dr. Wojciechowski and consulting physicians Drs. Kehrli, and Wiggins, who opined that Plaintiff was capable of a broader range of work. AR 1163-64. Thus, a remand for further proceedings is appropriate. On remand, the ALJ shall reevaluate the opinions of Mr. Tash, Drs. Wu and McAuliffe, and the testimony of Plaintiff, and redetermine RFC if necessary.

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the

//

//

Commissioner for further consideration consistent with this Order. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 4th day of August, 2023.

Grady J. Leupold
United States Magistrate Judge

ORDER ON PLAINTIFF'S COMPLAINT - 10